```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/14/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KADARKO JAMES,

                        Petitioner,

        - against -

JOHN B. LEMPE, SUPERINTENDENT,

                        Respondent.

REPORT AND
RECOMMENDATION

11 Civ. 3003 (KBF) (RLE)

To the HONORABLE KATHERINE B. FORREST, U.S.D.J.:

## I. INTRODUCTION

*Pro Se* Petitioner Kadarko James[1], a New York state prisoner at Five Points Correctional Facility, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. James's Petition was received by the Pro Se Office in this District on June 13, 2011. He was convicted of one count of robbery in the first degree (N.Y. Penal Law § 160.15), and was sentenced to a determinate term of twelve years. James contends that his incarceration violates the United States Constitution in that: (1) the trial court committed a mode of proceedings error when it withheld the verbatim contents of the jury's third deadlock note; and (2) uncharged crimes evidence should not have been admitted at trial, and the trial court erred in failing to give a limiting instruction to the jury regarding the uncharged crimes evidence. (Pet'r's Pet. For Writ of *Habeas Corpus* ("Pet.") 5-8.) For the reasons set forth below, I recommend that the Petition be **DENIED**.

---

[1] At various points at the state and federal court level, the court and the Petitioner himself refer to Petitioner as either "James Kadarko" or "Kadarko James." Petitioner is referred to as "Kadarko James" in this Report and Recommendation.

## II. BACKGROUND

### A. Factual Background

#### 1. The Crime and the Investigation

On the night of August 9, 2004, James was involved in a robbery. At approximately 9:00 p.m., after delivering Chinese food to an upstairs apartment at One Metropolitan Oval in the Bronx, Xun-Zheng Wang ("Wang") rode the elevator down to the ground floor. (Trial Transcript ("Tr.") 17-19.) As the elevator door opened, Wang was confronted by James, who held a knife and ordered Wang to hand over his money. (*Id.*) James took twenty dollars from Wang and left. Wang called the police. (*Id.*)

Two police detectives arrived and interviewed Wang with the aid of a civilian acting as an interpreter. (Tr. 21.) Wang told the detectives that he had been robbed by a black man who had either a beard or a moustache, dreadlocks, a stocky build, and wore a black T-shirt. (Tr. 22.) He also told the detectives that he had seen the robber before in the area of Purdy Street and Metropolitan Avenue, and had been robbed by him just days before. (Tr. 25, 130, 133-34.)

The detectives took Wang and the person interpreting to canvass the neighborhood in their car. (Tr. 23-24.) At approximately 10:45 p.m., one of the detectives spotted two individuals walking toward the police car. (Tr. 25-26.) One of the individuals was James, who was wearing a black tank top, and had a stocky build, dreadlocks, and a beard. (*Id.*) Wang became excited upon seeing James, and identified him as the robber. (Tr. 28.) The two detectives stepped out of the car, followed James, and arrested him. (Tr. 29.) They searched James, and found a white bag, which had a black T-shirt inside. (Tr. 31-34.) Wang identified the shirt as the one James had worn during the robbery. (Tr. 36.) The search, however, turned up neither money nor a knife. (Tr. 78.) At the precinct, the detectives investigated other

2

robberies committed in the Parkchester area of the Bronx. They discovered other robberies that appeared to be linked to James. (Tr. 39-43, 53.) In addition to Wang, two other Chinese food delivery men, Lisheng Huang ("Huang"), and Xing-Wu Dong, had been robbed. (*Id.*) James was charged with having committed five[2] separate first degree robberies, (N.Y. Penal Law § 160.15), against Huang, Dong and Wang, along with five counts of robbery in the third degree, (N.Y. Penal Law § 160.05), and five counts of criminal possession of a weapon in the fourth degree, (N.Y. Penal Law § 265.01[2]). (Resp't's Mem. of Law in Opp'n to the Pet. ("Resp't's Opp'n") Ex. 2, 3.)

## 2. The Trial

### a. Uncharged Crimes Evidence

Prior to jury selection, the prosecution made a *Molineux* (*People v. Molineux*, 168 N.Y. 264 [1901]) application to have Huang testify concerning prior uncharged robberies allegedly committed by James against Huang. The prosecution stated that it sought this testimony for the purposes of: (1) supporting Huang's identification of James as the person who had robbed him during the incidents set forth in the indictment; and (2) completing the narrative where Huang would testify that he ran from James during their most recent encounter because he had recognized James from prior robberies that Huang had not reported to the police. (Jury Selection Transcript ("Jur. Tr.") 6; Tr. 239.) The defense objected to this evidence on the ground that it would be highly prejudicial, and would be used by the jury to prove propensity, but the court allowed the testimony. (*Id.* at 12.) At the close of trial and following the court's jury instructions, the defense again raised an objection to the uncharged crimes evidence. The

---

[2] Specifically, James was charged with having robbed Huang on two separate dates, Wang on two separate dates, and Dong on one date. (Jur. Tr. At 383-96; Resp't's Opp'n at 2.)

3

defense asked the court to instruct the jury not to consider the uncharged crimes for the purpose of convicting James, but rather solely for identification purposes. (Tr. 400-01.) The defense, however, did not object when the trial judge failed to give defense counsel's requested instruction. (*See* Tr. 408-13.)

### b. Jury Notes

Along with other related charges, the court submitted all five counts of first-degree robbery to the jury. During deliberations, the jury sent the court a note stating that it was deadlocked. The jury then sent the court another note indicating that it was still divided on each count of robbery, and gave the numerical split on each count. Without showing them the actual note and without revealing the numerical split, the court informed both defense counsel and the prosecutor of its contents. The court explained that it would not show the note to the parties because it believed it was improper to reveal the actual split. Defense counsel asked for a mistrial. (Tr. 445-48.) The court declared that it would instruct the jury to continue their deliberations and that, afterward, it would show the actual contents of the note to the parties. Defense counsel raised no objections, even after the court showed the note to him. (Tr. 449-50, 452.)

On September 26, 2006, the jury found James guilty of a single count of first-degree robbery against Wang. The jury failed to reach a unanimous verdict on the rest of the charges involving Huang and Dong. James was sentenced to a determinate term of twelve years.

### B. Procedural Background

James appealed his conviction on two grounds: (1) the trial court committed a mode of proceedings error when it (i) immediately responded *sua sponte* to the jury's deadlock note without showing or informing counsel of the note, (ii) failed to provide counsel with an

4

opportunity to be heard concerning the note before the court instructed the jury, and (iii) refused to show James's counsel the precise contents of the jury's second deadlock note setting forth the numerical division of the deadlock; and (2) improperly admitted evidence and failed to give limiting instructions regarding testimony that James had repeatedly robbed Huang despite James not being charged for such conduct. (Resp't's Opp'n Ex. 1.) *See People v. Kadarko*, 56 A.D.3d 102 (1st Dep't 2008). The Appellate Division addressed only the mode of proceedings claim, but reversed on that claim, finding that the trial court had erred when it (1) withheld the verbatim contents of the jury's second deadlock note setting forth the numerical split in their votes on the various counts of robbery; and (2) failed to provide counsel an opportunity to respond before delivering a second *Allen* charge. *Id.* at 105-08.

The New York Court of Appeals reversed the Appellate Division's order, finding that no mode of proceedings error had occurred, and that James's claim was barred from appellate review because defense counsel had not objected to the judge's procedure either before or after the entire contents of the note had been revealed to the parties. *See People v. Kadarko*, 14 N.Y.3d 426, 429-30 (2010). The Court of Appeals remanded the case to the Appellate Division for consideration of the facts and issues raised, but not reached, in the initial appeal. *Id.* at 430.

On remand, the Appellate Division considered James's claim that the trial court had improperly permitted the introduction of uncharged crimes evidence. *People v. Kadarko*, 73 A.D.3d 639. The court first determined that the claim had not been preserved because James did not object to the trial court's failure to issue a limiting instruction. *Id.* at 640-41. The court also determined that Huang's testimony was admissible at trial because it was used solely for the purpose of identifying James as the person who robbed Huang on August 9, 2004. *Id.*

5

James was denied leave to appeal to the New York Court of Appeals on September 1, 2010, *see People v. Kadarko*, 15 N.Y.3d 853 (2010) (Ciparick, J.), and filed the instant petition *pro se* on April 28, 2011.

### III. DISCUSSION

#### A. Threshold Issues

##### 1. Timeliness

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. *See* 28 U.S.C. § 2244(d)(1). A conviction becomes final " 'when [the] time to seek direct review in the United States Supreme Court by writ of certiorari expires;'" that is, ninety days after the final determination by the state court. *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)). The statute of limitation is tolled while state court relief is pending. 28 U.S.C. § 2244(d)(2). The tolling period runs from when the post-conviction motion is filed until leave to appeal is denied. *See Rodriguez v. Portuondo*, No. 01 Civ. 547 (GEL), 2003 WL 22966293, at *1-2 (S.D.N.Y. Dec. 15, 2004). A *pro se* petition is deemed "filed" on the date it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1998); *Harris v. Senkowski*, 298 F. Supp. 2d 320, 335 (E.D.N.Y. 2004).

James's conviction became final on November 30, 2010, ninety days after leave to appeal to the New York Court of Appeals was denied. His petition was filed on April 28, 2011, and is therefore timely.

##### 2. Exhaustion

Pursuant to 28 U.S.C. § 2254(b), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the court may not grant a petition for *habeas corpus* unless the

6

petitioner has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A); *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Dorsey v. Kelley*, 112 F.3d 50, 52 (2d Cir. 1997). To satisfy the substantive exhaustion requirement, a petitioner's claim before the state courts must have been federal or constitutional in nature. This is not an exacting standard, but a petitioner must inform the state courts of "both the factual and legal premises of the claim [he] asserts in federal court." *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*). Procedurally, the petitioner must utilize all avenues of appellate review within the state court system before proceeding to federal court. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994). He must raise a federal claim at each level of the state court system, "present[ing] the substance of his federal claims 'to the highest court of the pertinent state.'" *Id.* (quoting *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)).

James procedurally exhausted his mode of proceedings error claim on April 6, 2010, when the New York Court of Appeals unanimously found that a mode of proceedings error had not occurred. On that claim, James also satisfies substantive exhaustion because he cited to the Sixth and Fourteenth Amendments to the United States Constitution in his assertion that he was denied his right to due process and a fair trial. *Kardarko*, 14 N.Y.3d at 429. James's uncharged crimes evidence claim was also procedurally exhausted when the New York Court of Appeals denied James's application for leave to appeal. *See Kadarko*, 15 N.Y.3d 853. James's uncharged crimes evidence claim is also substantively exhausted because he cited to the Sixth and Fourteenth Amendments to the United States Constitution in his assertion that he was denied his rights to due process and a fair trial. Therefore, both claims are exhausted.

### 3. Procedural Bar

A claim is procedurally barred and precluded from *habeas* review if: (1) the state court declined to address the petitioner's federal claim because the petitioner failed to meet a state procedural requirement; and (2) the state court decision rested on an independent and adequate state law ground. *Coleman v. Thompson*, 501 U.S. 722, 750; *Jones v. Vacco*, 126 F.3d at 414 (citing *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994)). A state law ground is "adequate" if "the state's insistence on compliance with its procedural rules serves a legitimate state interest." *Wainright v. Sykes*, 433 U.S. 72, 83, n.8 (1977) (quoting *Henry v. Mississippi*, 379 U.S. 443, 447 (1965)). A petitioner can overcome this procedural bar if he can show cause for the default and actual prejudice, or "demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750 (internal citations and quotations omitted).

#### a. Mode of Proceedings Error Claim Rested on Independent and Adequate State Law Grounds

On state procedural grounds, the New York Court of Appeals determined that James's mode of proceedings error claim was barred from appellate review. *Kadarko*, 14 N.Y.3d at 429. The Court of Appeals found the claim unpreserved because James failed to comply with NYCPL § 470.05(2) and New York State case law, which require a contemporaneous objection to preserve an issue for appellate review. The Second Circuit recognizes that New York's preservation rule typically constitutes an independent and adequate state procedural ground on which the Appellate Division may deny a criminal defendant's appeal. *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999); *see Williams v. Artus*, 691 F. Supp. 2d 515, 524 (S.D.N.Y. 2010). The denial of James's mode of proceedings claim by the Court of Appeals constituted a decision that rested on independent and adequate state law grounds. Accordingly, James's Petition on this ground should be **DENIED**.

### b. Uncharged Crimes Evidence Claim Rested on Independent and Adequate State Law Grounds

The New York Court of Appeals remanded the case to the Appellate Division for consideration of James's uncharged crimes evidence claim, and the Appellate Division declined to review it on the ground that the claim was unpreserved. *People v. Kadarko*, 73 A.D. at 640-41. Specifically, similar to James's mode of proceedings error claim, James failed to comply with New York's contemporaneous objection rule by failing to raise his objection before trial, and failed to comply with New York State case law by failing to remind the trial judge to deliver a limiting instruction as requested. Since New York's contemporaneous objection rule is a firmly established, independent and adequate state law ground, the Appellate Division's denial bars *habeas* review of the merits of a constitutional claim. Accordingly, James's Petition on this ground should be **DENIED**.

## B. Merits

### 1. Standard of Review

The AEDPA constrains a federal *habeas* court's ability to grant a state prisoner's application for a writ of *habeas corpus* with respect to claims adjudicated on the merits in state court. The Act limits issuance of the writ to circumstances in which the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(b); *see Williams v. Taylor*, 529 U.S. 329, 412 (2000). A state court decision is contrary to federal law if the state court applies "a conclusion opposite to that reached by [the Supreme] Court on a question of law or if [it] decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 413. Furthermore, in cases where the state court decision rests on a factual

9

determination, the federal court must find that the "decision . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(b)(2). Applying this standard, even if James's claims were not procedurally barred, they would not succeed on the merits.

**2. Mode of Proceedings Error Claim**

James's mode of proceedings error claim cannot constitute a valid basis for *habeas* relief because there is no clear Supreme Court precedent on the issue. In *Kelly v. Lempke*, No. 08-Civ.-8241 (BSJ)(RLE), 2011 WL 2227174, at *15 (S.D.N.Y. Apr. 7, 2011), the court relied on the Supreme Court's decision in *Rogers v. United States*, 422 U.S. 35 (1975), which stated that "[a] criminal defendant has a right to notice of a jury's inquiry and an opportunity to object to the court's intended response." *Id.* at 39. This rule, however, does not require that the actual, specific contents of a jury note be disclosed before responding to it. Indeed, in *Kelly*, the court found that under *Rogers*, no constitutional violation existed where the petitioner was told afterwards that a court officer, upon request from the jury, had conducted a demonstration involving a piece of trial evidence, because "[petitioner] was notified about the essential details of the interaction, could have sought additional details, and was provided an opportunity to object." *Kelly*, 2011 WL 2227174, at *15. Because the Supreme Court has not clearly established that more than notice and an opportunity to object is required when faced with a jury's inquiry, James's mode of proceeding claim cannot prevail on the merits.

In any case, the *Rogers* decision is not applicable on federal *habeas* review because only holdings of the Supreme Court that are based on *constitutional grounds* constitute "clearly established" federal law under 28 U.S.C. § 2254(d)(1). *See, e.g., Early v. Packer*, 537 U.S. 3, 10 (2002) (per curiam). In holding that a jury's message should have been answered in open court and

10

that petitioner's counsel should have been given the opportunity to be heard before the trial judge responded, the *Rogers* court relied on Federal Rule of Criminal Procedure 43, and not upon constitutional grounds. *Rogers*, 422 U.S. at 39. Thus, as the *Rogers* decision was solely based on the Supreme Court's supervisory powers over the federal courts, James's claim should be **DENIED**.

### 3. Uncharged Crimes Evidence Claim

Under New York State law, uncharged crimes may only be placed before the jury in discrete circumstances, including: to establish motive, intent, absence of mistake or accident, a common scheme or plan, or the identity of the person charged. *Roldan v. Artuz*, 78 F. Supp. 2d 260, 277 (S.D.N.Y. 2000) (citing *Molineux*, 168 N.Y. at 293). State court rulings on such evidentiary issues only present a constitutional violation if the petitioner shows that the evidence was "so extremely unfair that its admission violates fundamental conceptions of justice." *Dunnigan v. Keane*, 137 F. 3d 117, 125 (2d Cir.), *cert. denied*, 525 U.S. 840 (1998) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). Thus, even though the trial court's ruling had been error under state law, the standard is whether the ruling violated due process. *Panzarino v. Phillips*, 2004 WL 99868, at *19 (S.D.N.Y. Jan. 22, 2004).

Here, Huang's testimony about James's prior robberies against Huang that he had not reported to the police explained: (1) why he was able to identify James as the person who robbed him on August 9, 2004; and (2) why Huang fled, even though he testified that he had not seen a knife at the time. (Tr. at 212.) The U.S. Supreme Court has not held that the use of uncharged crimes would violate the Due Process Clause. Therefore, the Appellate Division's finding that such uncharged crimes evidence was admissible at trial was not an unreasonable application of clearly established federal law. *See, e.g., Crowder v. Ercole*, No. 09–cv–3401 (CBA), 2012 WL 5386042,

11

at *3 (E.D.N.Y. Nov. 2, 2012); *Jones v. Conway*, 442 F. Supp. 2d 113, 131 (S.D.N.Y. 2006). James's Petition on this ground should be **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, I recommend that James's Petition for a Writ of *Habeas Corpus* be **DENIED**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Katherine B. Forrest, 500 Pearl Street, Room 745, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: June 14, 2013**
**New York, New York**

                                                **Respectfully Submitted,**

                                                **The Honorable Ronald L. Ellis**
                                                **United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

<u>Petitioner</u>
Kadarko James
DIN# 06-A-6299
Wyoming Correctional Facility
P.O. Box 501
Attica, NY, 14011

<u>Attorneys for Respondent</u>
Allen H. Saperstein
T. Charles Won
Assistant District Attorneys
Bronx County
198 East 161st Street
Bronx, New York 10451