```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 25 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES KADARKO,

                Petitioner,

                -v-

JOHN B. LEMPKE,

                Respondent.
------------------------------------------------------------X

11 Civ. 3003 (KBF) (RLE)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

On April 29, 2011, petitioner James Kadarko ("petitioner" or "Kadarko"[1]) filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 2.) The petition seeks relief from Kadarko's November 2, 2006 conviction of robbery in the first degree. Kadarko was sentenced to 12 years in prison followed by five years of post-release supervision.

On October 9, 2008, the Appellate Division, First Department reversed Kadarko's conviction and ordered a new trial. People v. Kadarko, 867 N.Y.S.2d 32 (1st Dep't 2008). The First Department held that the trial court failed to provide sufficiently meaningful notice to counsel of the specific contents of a jury note. Id. at 36. On April 6, 2010, the New York Court of Appeals reversed the First Department and remanded the case for consideration of facts and issues raised but not determined by the Court of Appeals. People v. Kadarko, 902 N.Y.S.2d 828 (2010). The Court of Appeals held that the trial court's failure to read the jury note

---

[1] Petitioner refers to himself as both "James Kadarko" and "Kadarko James" in his submissions.

1

aloud did "not amount to a failure to provide counsel with meaningful notice of the contents of the jury note or an opportunity to respond." Id. at 828. On May 27, 2010, the First Department affirmed petitioner's conviction and sentence. People v. Kadarko, 901 N.Y.S.2d 612 (1st Dep't 2010). On September 1, 2010, the New York Court of Appeals denied petitioner leave to appeal. People v. Kadarko, 901 N.Y.S.2d 612 (2010). Kadarko is currently incarcerated pursuant to the trial court's November 2, 2006 conviction.

As aforementioned, Kadarko filed his habeas petition on April 29, 2011. On May 11, 2011, the Court Ordered the respondent to answer; on May 16, 2011, this matter was referred to The Honorable Ronald L. Ellis to prepare a Report and Recommendation pursuant to 28 U.S.C. § 636(b). (ECF Nos. 4, 6.) On November 7, 2011, respondent answered (ECF No. 12), and on November 16, 2011, this matter was reassigned to the undersigned (ECF No. 17); the Report and Recommendation reference remained in place.

On June 14, 2013, Magistrate Judge Ellis issued a Report and Recommendation recommending that petitioner's request for habeas relief be denied. (ECF No. 22.) On July 12, 2013, petitioner requested and was granted an extension of time to file objections to the Report and Recommendation. (ECF No. 23.) On August 19, 2013, petitioner filed his objections. (ECF No. 24.)[2]

---

[2] No response from the respondent was received.

I.   STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." King v. Greiner, No. 02 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (internal quotation marks and citation omitted). The same standard applies if a petitioner's objections are "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." Kelly v. Lempke, No. 08 Civ. 8241, 2012 WL 5427909, at *1 (Nov. 7, 2012) (quotation marks omitted).

"The Court is mindful that pro se parties are generally accorded leniency when making objections." Jones v. Smith, No. 09 Civ. 6497, 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (citations omitted). Nonetheless, "to trigger de novo review, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's report." Id.

3

In this case, petitioner's August 19, 2013 objections raise essentially the same arguments set forth in his original petition: (1) that the use of evidence at trial concerning uncharged crimes was improper, in particular because the court failed to provide a limiting instruction; and (2) that a "mode of proceedings"[3] error occurred because the contents of a note from the jury were not timely read aloud to counsel. To the extent that the arguments raised in petitioner's objections, read liberally, "simply reiterate arguments considered and rejected" in the Report and Recommendation, the Court finds that they do not necessitate de novo review. See id. at *2.

Petitioner does raise one particularized objection to the Report and Recommendation, however. Petitioner argues that the Report and Recommendation is incorrect insofar as Magistrate Judge Ellis relies on the contemporaneous objection rule to support his finding that petitioner's claims are procedurally barred. Petitioner argues that the contemporaneous objection rule does not bar his claims because his attorney made sufficient, timely objections (particularly with respect to the use of the evidence of uncharged crimes); according to petitioner, additional objections by his counsel would have amounted to "pointless protest."

---

[3] The New York Court of Appeals explains the term "mode of proceedings" as follows: "[I]n a very narrow category of cases, we have recognized so-called 'mode of proceedings' errors that go to the essential validity of the process and are so fundamental that the entire trial is irreparably tainted. Errors within this tightly circumscribed class are immune from the requirement of preservation." People v. Kelly, 799 N.Y.S.2d 763, 765 (2005) (noting that "[o]utside the context described by [the mode of proceedings error cases] . . . we have repeatedly held that a court's failure to adhere to a statutorily or constitutionally grounded procedural protection does not relieve the defendant of the obligation to protest") (internal citations omitted).

4

Accordingly, the Court reviews the section discussing whether petitioner's claims are procedurally barred <u>de novo</u>, but reviews the merits portion of Magistrate Judge Ellis's Report and Recommendation under a clear error standard.

## II. DISCUSSION

### A. <u>De Novo Review of Contemporaneous Objection Issue</u>

#### a. <u>Failure to reveal the contents of the jury note</u>

During deliberations, the jury sent the court a note stating the jury was divided on all five counts in question; the note provided the numerical split of the votes for each count. (Tr. 445.) The court explained the contents of the note to counsel but did not read it verbatim. (Tr. 445.) The trial judge stated:

> Regarding the alleged robberies on 7/14/04 and actually gives what the split is. That's why I'm not showing anybody. It does not indicate how it goes, but it's giving numbers and then it just repeats the rest of the dates giving a split as to each robbery date. Out of five there are three different splits. No indication as to which way they go.

(Tr. 445.) The court gave the parties an opportunity to respond and petitioner's counsel asked for a mistrial because he believed it was "obvious" that the jury had reached "an impasse." (Tr. 447.) Petitioner's counsel also expressed concern about an unrelated issue. (Tr. 449.) Petitioner's counsel did not object to the fact that the judge declined to read aloud the contents of the jury note. (Tr. 448-49.) After speaking with the jury about its note, the court showed counsel the jury note. (Tr.

452.)[4] Petitioner's counsel again did not object to the court's failure to timely read the note verbatim prior to speaking with the jury about the note. (Tr. 452.)

Petitioner now argues that the trial judge's failure to timely read aloud or otherwise share its specific contents prior to speaking with the jury about it constitutes a mode of proceedings error. Under New York law, such an error occurs "[w]here the procedure adopted by the court . . . is at a basic variance with the mandate of law." People v. Patterson, 39 N.Y.2d 288, 296 (1976). "Errors within this tightly circumscribed class are immune from the requirement of preservation." People v. Kelly, 799 N.Y.S.2d 763, 765 (2005). In People v. Kadarko, the New York Court of Appeals held that the trial judge's failure to read aloud the jury note did not constitute a mode of proceedings error in this case. 902 N.Y.S.2d at 829-30. Accordingly, as petitioner now seeks to raise the argument, he must have sufficiently preserved the issue. (See infra.)

b. Testimony regarding the uncharged crimes

As explained in the Report and Recommendation, the indictment charged petitioner with having committed five separate first degree robberies against three

---

[4] The transcript does not indicate precisely what occurred next. It simply states:
(Whereupon, the jury existed the courtroom and the
following occurred:)
THE COURT: At this time I'll show the parties the last
note.
(Whereupon, the items referred to were marked Court's 9
and 10.)
(Whereupon, a recess was taken awaiting the jury's
verdict.)
(Tr. 452.)

victims: Lisheng Huang, Xing-Wu Dong, and Xun-Zheng Wang.[5] Mr. Huang testified at trial that he recognized petitioner on one of the days for which petitioner was charged with robbery because Mr. Huang stated that he had been a victim of prior (uncharged) robberies by petitioner.

Before beginning jury selection, the prosecutor made a Molineux application[6] to have Mr. Huang testify about the uncharged alleged robberies. (Jury Selection Tr. 6.) Defense counsel objected, arguing that the evidence would be more prejudicial than probative. (Jury Selection Tr. 10-11.) The court allowed Huang to testify. (Jury Selection Tr. 12.) After the trial judge charged the jury, petitioner's trial counsel requested, inter alia, that the court give a limiting instruction regarding the evidence of the uncharged crimes. (Tr. 400-01.) The court did not address petitioner's request and subsequently gave additional instructions to the jury, but failed to include the requested limiting instruction. (Tr. 408-13.) Petitioner's trial counsel did not raise the issue again following the omission.

    c. Analysis

The federal court "is generally procedurally barred from considering a ruling that 'fairly appear[s] to rest primarily on state procedural law.'" Murden v. Artuz, 497 F.3d 178, 198 (2d Cir. 2007) (quoting Jiminez v. Walker, 458 F.3d 130, 138 (2d

---

[5] The jury found petitioner guilty of a single count of first-degree robbery against Mr. Wang, committed on August 9, 2004.
[6] The Molineux rule, first articulated in People v. Molineux, 168 N.Y. 264 (1901), "states that evidence of a defendant's uncharged crimes or prior misconduct is not admissible if it cannot logically be connected to some specific material issue in the case, and tends only to demonstrate the defendant's propensity to commit the crime charged." People v. Cass, 942 N.Y.S.2d 416, 421 (2012) (citations omitted).

7

Cir. 2006)). "Even where the state court has ruled on the merits of a federal claim 'in the alternative,' federal habeas review is foreclosed where the state court has also expressly relied on the petitioner's procedural default." Id. (citation omitted). In order to bar federal habeas review, the state court must have had adequate and independent state law grounds for its determination. Id. (citation omitted).

The Second Circuit has "held repeatedly that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule." Downs v. Lape, 657 F.3d 97, 104 (2d Cir. 2011) (citing cases) (explaining that "[t]he contemporaneous objection rule authorizes New York state courts of appeal to determine whether the rule's curative purpose is satisfied and enables them to recognize counsel's statement as an objection, or not, consistent with the rule's purpose"); see also Whitley v. Ercole, 642 F.3d 278 (2d Cir. 2011).

Nonetheless, the Court must still determine whether petitioner may be entitled to relief under the "limited category" of "'exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question.'" Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (quoting Lee v. Kemna, 534 U.S. 362, 376 (2002)).

Recognizing that the contemporaneous objection rule is a "firmly established and regularly followed" procedural rule, the Court thus considers whether the circumstances presented in this case satisfy such exception by considering three, non-exclusive "guideposts:" "(1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state

rule would have changed the trial court's decision; (2) whether the state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had substantially complied with the rule given the realities of trial, and therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest." Cotto, 331 F.3d at 240.

In the instant case, the first "guidepost" is neutral as to whether this case is "exceptional" because based on the record, it is unclear whether perfect compliance with the contemporaneous objection rule would have made a difference in the trial judge's decisions. See, e.g., Donaldson v. Ercole, No. 06 Civ. 5781, 2009 WL 82716, at *2 (2d Cir. Jan. 14, 2009) (finding the first factor neutral; "we cannot know whether perfect compliance with the contemporaneous objection rule would have changed the trial court's ruling because the trial court did not have a chance to make any determination about sufficiency.") Put another way, this Court does not know whether the trial judge overlooked counsel's request or made an affirmative decision to deny it.

As for the second "guidepost," as discussed above, it is well-settled under New York Law that a defendant must timely object to court errors in order to preserve his claims. See, e.g., People v. Starling, 85 N.Y.2d 509, 517 (1995) ("[C]ounsel's silence at a time when any error by the court could have been obviated by timely objection renders the claim unpreserved and unreviewable here.").

Regarding the third "guidepost," the transcripts make clear that the trial judge allowed counsel to be heard throughout the course of the trial. Petitioner's claim that requiring counsel to voice additional objections would have been "pointless" with respect to the uncharged evidence issue fails. The record is devoid of any indication that timely objections by petitioner's counsel would have been intentionally ignored or denied.[7] Moreover, "the purpose of [the] rule is to apprise the trial judge and the prosecutor of the nature and scope of the matter defendant contests, so that it may be dealt with at that time." Garvey v. Duncan, 485 F.3d 709, 714 (2d Cir. 2007) (citation omitted) (emphasis added); see also Downs, 657 F.3d at 104 (explaining that "the critical factor . . . is whether the timing or manner of the objection sufficed to prompt the trial judge to address the specific error pressed on appeal"). Accordingly, the third factor suggests that under the circumstances at issue in this case, more was required to preserve the issues now raised by petitioner.

To overcome this procedural default, petitioner would need to show "cause for the default and actual prejudice as a result of the alleged violation of federal law." Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) (citation omitted). Alternatively, petitioner would need to show "that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Id. To do so, he would need to make a claim of

---

[7] This is in contrast with, for example, the circumstances in Osborne v. Ohio, 495 U.S. 103 (1990), in which "the trial judge, 'in no uncertain terms,' had rejected counsel's argument." Lee, 534 U.S. at 377.

"actual innocence." Sweet v. Bennett, 353 F.3d 135, 142 (2d Cir. 2003). The Court finds that neither scenario has been satisfied by petitioner.

### B. Clear Error Review of Remainder of Report and Recommendation

Reviewing the merits portion of the Report and Recommendation, the Court finds that there is no clear error.[8] For the reasons explained by Magistrate Judge Ellis, even were petitioner's arguments not barred on procedural grounds, they fail on the merits.

### III. CONCLUSION

For the reasons aforementioned, the Court hereby adopts in part the conclusions of the Report and Recommendation. The Court finds that petitioner's claims do not warrant habeas relief. Petitioner's petition for a writ of habeas corpus is dismissed.

Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

---

[8] The Report and Recommendation contains a factual error immaterial to the validity of its conclusions: the victim of the August 9, 2008 robbery is identified as "Huang," but should have been identified as "Wang." (Report and Recommendation at 5, 11.) While there are a handful of other misstatements in the Report and Recommendation as well, none have a significant impact on the outcome of this matter.

The Clerk of Court is hereby directed to dismiss this petition and terminate this action.

SO ORDERED.

Dated:   New York, New York
         February 25, 2014

                                          /s/ K. B. Forrest
                                          KATHERINE B. FORREST
                                          United States District Judge

CC:
James Kadarko
DIN# 06-A-6299
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011

12